Edwin L. BENNETT, Appellant,

v.

Marion Jean BENNETT, Respondent.

No. WD 32569.

Missouri Court of Appeals, Western District.

Feb. 9, 1982.

John Benson Williams, Kansas City, for appellant.

Michael E. Curley and Lee M. Nation, Kansas City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

Husband appeals from a decree of dissolution of marriage attacking those provisions of the decree which awarded the custody of the parties' two children to the wife, awarded her child support, and awarded her exclusive use and possession of the family home until the youngest child reaches majority or until her earlier remarriage, so long as she occupies it as her principal residence.

Edwin and Marion were married in 1971. Marion had a child by a former marriage, named Aaron Lee, who was adopted by Edwin. He was 13 years of age at trial time. The parties had another child, Christopher James, who was 8 years old at trial time. The custody of the two children was given to Marion, and Edwin was ordered to pay $300 per month child support.

Edwin claims that the custody of the children should have been given to him, because of the wife's sexual misconduct after the separation of the parties (shown by circumstantial evidence but denied by the wife), her alleged emotional instability, and the expressed preference of the younger child, Christopher James, to live with his father.

Defendant complains also that the child support award of $300 per month is excessive.

Husband's complaint about the award of the possession of the family residence to the wife hinges upon the award of the children's custody to her. He claims the children's custody should have been awarded to him, and therefore the possession and use of the family residence should have been awarded to him. Since we affirm the award of child custody to the wife, husband's criticism of the decree with respect to the right to occupy the family residence passes out of the case.

We have closely examined the evidence, the briefs of the parties and the authorities cited in the briefs. The case presents no novel questions, but is governed by settled principles which the published opinions of this and other courts of our state have fully explicated. A minute recital of the evidence in the case would serve no worthwhile purpose. All the provisions of the judgment are supported by the evidence, and upon the review criteria of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), the judgment is affirmed. Supreme Court Rule 84.16(b).

All concur.